## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-03083-JLK

MARNIA WILSON and JACOB ATES,

      Plaintiffs,

vs.

THE UNITED STATES OF AMERICA,

      Defendant.

---

ORDER GRANTING DEENDANT'S MOTION TO SEVER AND DISMISS, DOC. 19

Kane, J.

This is an Army insurance benefits case before me on Defendant USA's Motion to Sever and Dismiss Claims of Marnia Wilson, Doc. 19. There are two plaintiffs, original Plaintiff Marnia Wilson, who is not a Colorado resident, and Jacob Ates, a Colorado resident who was added by way of Amended Complaint, Doc. 18. Both Plaintiffs claim they were unlawfully denied disability benefits under the terms of their Servicemembers Group Life Insurance Traumatic Injury Protection Program ("TGSLI") policies. Plaintiffs claim "the Army has standardized the practice of denying claims in a manner that is arbitrary, unsupported by its own guidelines, and contrary to law." Amended Compl., Doc. 18 at ¶22. Plaintiffs allege the "Army's TSGLI office consistently and systematically fails to certify claims for benefits notwithstanding Plaintiffs' having met the contractual and legal criteria as mandated under TSGLI." *Id.*

Ms. Wilson and Mr. Ates are not the only persons currently making such claims about systemic abuse within the Army benefits program in the District of Colorado.

1

Judge Richard P. Matsch is currently presiding over no less than five pending cases involving the denial of TGSLI benefits.  In fact, the plaintiffs before him moved for class certification of their claims and Judge Matsch entertained the idea by reviewing plaintiff Ryan O'Neill's case as a test piece to determine whether a TGSLI benefits dispute was a type of action amenable to class certification under Fed.R.Civ.P. 23.  On December 13, 2013, Judge Matsch issued two Orders.  The first decided Mr. O'Neill's case, finding that the Army had acted arbitrarily and capriciously in denying Mr. O'Neill's benefits.  The second denied class certification, finding that the benefits claims had sufficient differences that precluded class certification.

Because Ms. Wilson and Mr. Ates would have been eligible class members in Mr. O'Neill's case, were a class to have been certified, I had stayed the instant motion until such a time as Judge Matsch ruled on class certification, *see* Doc. 28.  On February 6, 2014, Defendant notified me of Judge Matsch's December 13, 2013 Orders, requesting that the stay be lifted and the instant motion be resolved.  I concur with Defendant and find its motion ripe for review.  Because I have jurisdiction to hear Plaintiffs' claims under 38 U.S.C. § 1975, which is assumed to be analogous to an action per the Administrative Procedures Act (APA), 5 U.S.C. § 706(2), this matter involves administrative record review.  Because the claims of Ms. Wilson and Mr. Ates depend on their individual administrative records, their claims are not properly brought in one action.

Ms. Wilson is a Kentucky resident and her claim was denied by personnel at the Army TGSLI office in Kentucky.  As such, when this case was first filed, USA moved to

dismiss for improper venue or alternatively to transfer the case to a proper district,

arguing that neither party resided in Colorado and that none of the events giving rise to

her claim occurred within this state.  Motion to Dismiss, Doc. 9.  In response, Ms. Wilson

sought leave to amend her complaint to include a CO resident.  I granted leave to amend

on March 20th, 2013, mooting the Motion to Dismiss.

Defendant's now pending Motion urges me to conclude that the Plaintiffs Wilson

and Ates are improperly joined per FRCP 20(a)(1), which provides:

Persons may join in one action as plaintiffs if:

(A)    they assert any right to relief jointly, severally, or in the alternate
with respect to or arising out of the same transaction, occurrence, or
series of transactions or occurrences; and
(B)    any question of law or fact common to all plaintiffs will arise in the
action.

Defendant contends none of the criteria in FRCP20(a)(1)(A) are met. As it is

undisputed that Plaintiffs do not seek relief jointly or severally, Defendant focuses its

argument on maintaining that the Plaintiffs' benefits denials did not arise out of the same

transaction, occurrence, or series of transactions or occurrences.  Defendants rightly

accentuate the individual nature of each claim (e.g., Plaintiffs individually submitted

claim applications and their respective applications were based upon the Plaintiffs'

individual injuries) and each denial (e.g. claims are reviewed separately and denials are

issued separately).  In contrast, Plaintiffs emphasize that all Army TSGLI applicants are

subject to the same review process in that all are required to submit a uniform TSGLI

application.  I find that similarity shallow.  Social security claimants also must all file

uniform paperwork, but not all social security related claims are litigated together.

3

Accordingly, I agree with Defendant that Plaintiffs' benefits applications did not arise out of the same transaction or occurrence and therefore that their claims do not meet the requirements of permissive joinder under Rule 20.

Because Wilson and Ates cannot proceed as plaintiffs in a single action, I sever Ms. Wilson per Rule 21. That rule provides that while "misjoinder of parties is not a ground for dismissing an action," I may "add or drop a party." Fed. R. Civ. P. 21.  The consequence is that Mr. Ates's claim may remain before me and that Ms. Wilson must pursue her claim separately.  Furthermore, Ms. Wilson must pursue her claim outside the District of Colorado.  As stated above, Ms. Wilson is a Kentucky resident.  As she does not reside in the District of Colorado and nor did any of the events giving rise to her claim occur within this state, she cannot satisfy the requirements for venue in a suit against the United States. *See* 28 U.S.C. § 1391(e)(1).  Therefore, I dismiss Ms. Wilson's claim per Rule 12(b)(3),without prejudice to her re-filing in a district in which venue is proper.  Ms. Wilson will suffer no prejudice because she will be able to pursue her claims while respecting the requirements of venue and joinder.  *See Cooper v. Fitzgerald*, 266 F.R.D. 86, 89 (E.D. Pa. 2010)(considering lack of prejudice and dismissing plaintiffs' claims without prejudice after determining it was appropriate to sever claims due to improper joinder).

Based on the foregoing, I GRANT Defendant's Motion, Doc. 19, and SEVER and DISMISS Ms. Wilson's claims.

DATED:      February 11, 2014               BY THE COURT:

_s/John L. Kane_
John L. Kane, U.S. Senior District Judge